IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL A. RIVERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1737 (VAC) |
| | ) |
| WARDEN AKINBAYO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Michael A. Rivera, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiff.

June 13, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Michael A. Rivera ("Plaintiff"), was a pretrial detainee at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, when he filed this action on December 10, 2021. (D.I. 3). He is currently housed at the James T. Vaughn Correctional Center in Smyrna, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). This Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

**I.   BACKGROUND**

Plaintiff names twenty-eight defendants and attempts to raise a number of claims. (D.I. 3). Plaintiff's litany of complaints includes, but is not limited to, issuance of false disciplinary reports, inadequate grievance procedure, violation of his right to procedural due process, housing assignments, harassment, verbal threats, violation of the right to equal protection, unlawful conditions of confinement, retaliation, denial of access to the courts, destruction of personal property, inadequate law library access, excessive force, failure to intervene, full body strip searches, sexual harassment, being called a snitch, and inadequate dental and medical care.

The prayer for relief seeks declaratory and injunctive relief as well as compensatory and punitive damages.

**II.   LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks

redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court, however, must grant a plaintiff leave to amend unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes

that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.  DISCUSSION

Plaintiff's Complaint is deficiently pled for several reasons. First, it attempts to raise claims for occurrences on many different dates and based upon the conduct of many different defendants. It contains no counts and is written in a manner that might be described as a stream of consciousness. As pled, it will be difficult for any defendant to answer the complaint. Basically Plaintiff has filed a complaint complaining of any action by prison officials with which he does not agree. Indeed, in some instances, Plaintiff names an individual as a defendant merely because he spoke to that person.

Plaintiff complains that he was issued false disciplinary reports, but the filing of false disciplinary charges does not constitute a claim under 42 U.S.C. § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). It is clear from the allegations that disciplinary hearings were held. Plaintiff complains of an inadequate grievance procedure, but the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

Plaintiff complains of violations of the right to procedural due process. Prison disciplinary hearings, however, are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991). As alleged, Plaintiff fails to state procedural due process claims.

As a pretrial detainee during the relevant time, Plaintiff was protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535

(1979). To determine whether Defendants violated Plaintiff's right to substantive due process, the court reviews the record to determine whether the defendants acted "for the purpose of punishment" or for "some other legitimate governmental purpose." *Id*. at 538; *see also Stevenson v. Carroll*, 495 F.3d 62, 67 (3d Cir. 2007). "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Parkell v. Morgan*, 682 F. App'x 155 (3d Cir. 2017) (quoting *Bell*, 441 U.S. at 538 (alteration in original) and *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)). The allegations do not indicate that Defendants' acted for the purpose of punishment. Rather, the facts indicate that Plaintiff was punished in response to actions taken by him such as failing to obey orders. Plaintiff complains of housing assignments. Again, it seems he was placed in a particular cell or sections of the prison based upon his actions.

Plaintiff complains of harassment and verbal threats, but neither is actionable under 42 U.S.C. § 1983. *See Matthews v. Norristown State Hosp*., 528 F. App'x 115, 119 (3d Cir. 2013); *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009). To the extent Plaintiff alleges defamation, "federal courts are not to view defamatory acts as constitutional violations." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 401 (3d Cir. 2000) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). He also complains of sexual harassment, however, a single isolated incident of sexual harassment that is not in and of itself severe, is not sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See Boddie v. Schneider*, 105 F.3d 857 (2d Cir. 1997). In addition, Plaintiff alleges that certain defendants called him a snitch, but does not allege that he was called a snitch in front of other inmates and, therefore, fails to state a claim. *See Blizzard v.*

*Hastings*, 886 F. Supp. 405, 410 (D. Del. 1995) (being labelled a snitch "can put a prisoner at risk of being injured").

Plaintiff complains that his personal property was either taken or destroyed. Such a claim under §1983 fails unless there is no adequate post-deprivation remedy available, *see Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds* by 474 U.S. 327 (1986)); *Harris v. McMullen*, 609 F. App'x 704, 705 (3d Cir. 2015), and Delaware provides an adequate remedy by filing a common law claim for conversion of property, *Harris*, 609 F. App'x at 705. Therefore, the claim fails.

Plaintiff alleges that he is treated differently from others and essentially alleges violations of his right to equal protection. A plaintiff may bring an equal protection claim under two legal theories: (1) by alleging a defendant treated him differently from other similarly situated individuals because of his membership in an identifiable or protected class, such as race, religion, sex, or national origin, *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305, n.112 (3d Cir. 2016); or (2) in a "class of one", by alleging a defendant treated him differently from others similarly situated for arbitrary or irrational reasons, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Phillips v. County of Allegheny*, 515 F.3d at 243. As pled, the conclusory allegations do not provide a basis to show how Defendants violated Plaintiff's right to equal protection. *See e.g., Tindell v. Beard*, 351 F. App'x 591 (3d Cir. 2009).

The Complaint claims denial of access to the courts, but does not allege actual injury by the allege denial of access as is required to state a claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher v. Harbury*, 536 U .S. 403, 415 (2002). The allegations fail to state a claim. Similarly, the

inadequate law library access claim fails.  The allegations indicate that Plaintiff was given law library access, albeit not to the extent he desired.

Plaintiff alleges unlawful conditions of confinement.  To establish a constitutional violation under the Fourteenth Amendment as a pretrial detainee, plaintiff would have to plausibly allege that the challenged conditions of confinement amount to "punishment."  *See Bell*, 441 U.S. at 538 ("In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee."); *see also Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) ("Given pretrial detainees' federally protected liberty interests . . . under the Due Process Clause . . . a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.").  In determining whether conditions are "reasonably related to a legitimate governmental objective," *Hubbard v. Taylor*, 538 F.3d 229, 236 (3d Cir. 2008), the Third Circuit instructs courts to consider the totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time, and whether conditions are (1) rationally related to their legitimate purpose or (2) excessive in relation to that purpose.  *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 326 (3d Cir. 2020) (citing *Hubbard v. Taylor*, 399 F.3d 150, 159-60 (2005).  As alleged this Court is unable to discern the period of time Plaintiff was exposed to unlawful conditions of confinement.  The claims therefore fail.

Finally, Plaintiff alleges excessive force when he was cap stunned, but does not allege he was injured as a result of same.  He also alleges excessive force by the Quick Response Team members including C/O McClendon and a failure to intervene by Lt. Kruetz, followed by a full body strip search.  At one point Plaintiff refers to April 17, 2021, but it is not clear that this is the

date of the alleged excessive force, failure to intervene, or strip search, making it difficult for defendants to respond to the claim. The claims will be dismissed for failure to state claims for relief.

Plaintiff alleges delay or inadequate dental and medical care and denial of medications. The Complaint does not indicate who was actually responsible for the delay and/or denial of medical and dental or medication. As to the medical contract provider, the Complaint does not allege that the contract medical provider had a relevant policy or custom that caused the constitutional violation[s] [plaintiff] allege[s]. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). As pled, the Complaint fails to raise claims for deliberate indifference to medical and/or dental needs.

Finally, many of the claims (*e.g.*, retaliation) are made in a conclusory manner. *See Iqbal*, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion [s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). Merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678.

The Complaint does not meet the pleading requirements of *Iqbal* and *Twombly*, and the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Because it is possible that Plaintiff may be able to state claims, however, he will be given leave to file an amended complaint.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous and for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.