IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL A. RIVERA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 21-1737-GBW |
| | : |
| WARDEN AKINBAYO, et. al, | : |
| | : |
| Defendants. | : |

Michael A. Rivera, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Brett Thomas Norton, Esq., Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, Delaware. Counsel for Defendant Centurion.

**MEMORANDUM OPINION**

August 27, 2024
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.  INTRODUCTION

Plaintiff Michael A. Rivera was a pretrial detainee at the Howard R. Young Correctional Institution in Wilmington, Delaware, when he filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3.) He is currently housed at the James T. Vaughn Correctional Center in Smyrna, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5.) The Amended Complaint is the operative pleading. (D.I. 17.) Defendant Centurion of Delaware, LLC (previously identified as Centurion Medical) now moves to dismiss the claims Plaintiff alleges against Defendant in the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 29.) Additionally, Plaintiff requests entry of default judgment as to Defendant. (D.I. 33.) The matters are fully briefed.

## II.  BACKGROUND

The Amended Complaint includes two counts against Defendant, Counts 65 and 66. (D.I. 17 at 25.) Count 65 alleges that Defendant's unnecessary delay of Plaintiff's dental treatment violated Plaintiff's constitutional rights to medical treatment. (*Id.*) Count 66 alleges that Defendant's policy suspending medical treatment was a contributing factor in the unconstitutional delay in Plaintiff's medical treatment. (*Id.*) Both Counts refer to the factual allegations outlined in Paragraphs 98 through 101.

Paragraphs 98 through 100 allege that, in February 2020, Plaintiff saw a dentist who told Plaintiff that he needed a filling. (*Id.* at 15.) Defendant then suspended medical services during the COVID-19 pandemic, and Plaintiff did not receive dental treatment until March 2021. (*Id.* at 15-16.) By that time, Plaintiff's tooth had deteriorated and needed to be extracted. (*Id.* at 16.) Plaintiff submitted multiple grievances during this period, and he received a memorandum regarding Defendant's suspension of services. (*Id.* at 15-16.) Plaintiff alleges that he suffered severe pain and swelling and lost his tooth because of the prolonged delay in treatment. (*Id.*)

Paragraph 101 alleges that Defendant also delayed "giving plaintiff medical attention for allergy and pain for a preexisting condition and did not give plaintiff medical attention until 6 to 9 months after requesting medical care and only after bringing his medical record from outside doctors, MRI etc." (*Id.* at 16.)

In support of the foregoing, Plaintiff submitted two grievance forms that he attempted to file and healthcare memorandum that he received from Defendant. (D.I. 18 at 23-31.) In a grievance form dated November 25, 2020, Plaintiff stated that he had been waiting for a filling since February 2020, that the wait had been excessively long, and that the tooth needed to be extracted. (*Id.* at 24.) Plaintiff left blank the "Action Requested by Grievant" section of the form, and the form was

2

returned unprocessed the same day because no remedy had been requested. (*Id.* at 23-24.)

In a grievance form dated December 15, 2020, Plaintiff stated that he was submitting the form in relation to his previously submitted grievance, and he specified that the action he was requesting was "for medical services to be provided" in the appropriate section of the form. (*Id.* at 28.) The form was also returned unprocessed the same day, but this time, it was because the grievance was duplicative. (*Id.* at 27.)

In an undated and unsigned healthcare memorandum bearing Defendant's name and logo, Plaintiff was informed that medical staff had reviewed his sick call request or complaint and had determined that it was non-emergent. (*Id.* at 31.) Plaintiff was informed that all medical appointments, including sick calls, had "temporarily been suspended due to the ongoing COVID-19 epidemic" and that his request would not be processed until the suspension ended. (*Id.*) Plaintiff was also informed that medical staff would continue to be "on-site 24/7 for medication passes, administrative requests, and emergencies." (*Id.*)

Defendant now moves to dismiss Counts 65 and 66 for failure to state a claim and for failure to exhaust administrative remedies. (D.I. 29, 30.) Plaintiff has responded in opposition (D.I. 32), Defendant has replied to Plaintiff's response (D.I. 35), and Plaintiff has sur-replied to Defendant's reply (D.I. 36). Additionally,

3

Plaintiff requests entry of default judgment as to Defendant for failing to answer or otherwise defend as to the Amended Complaint. (D.I. 33.) Defendant has responded to the request for entry of default judgment, arguing that it asserted a defense as to the Amended Complaint by way of its motion to dismiss. (D.I. 34.)

## III. LEGAL STANDARD

In reviewing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to

credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a

5

'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

Although Plaintiff was allowed to proceed on his claims following screening, the Court now has the benefit of adversarial briefing and concludes that Plaintiff has failed to state a claim against Defendant.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). To set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials

that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Nevertheless, a prisoner has no right to choose a specific form of medical treatment. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. Apr. 10, 2010) (citing *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)). "Mere disagreement as to the proper medical treatment is insufficient" to state a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Treatment is presumed to be proper, absent evidence that there was a violation in the standard of care. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017). In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (noting that negligence is not compensable as a constitutional deprivation).

A company like Defendant "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability" in the § 1983 context. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To hold a company like Defendant responsible, Plaintiff "must provide

7

evidence that there was a relevant [company] policy or custom, and that the policy caused the constitutional violation" alleged by Plaintiff. *Natale*, 318 F.3d at 584. As such, at this stage of the case, Plaintiff must provide evidence of a policy or custom of Defendant's company from which deliberate indifference to a serious medical need can be plausibly inferred. *See id.*

The Court first considers the allegations regarding the delay in treatment of Plaintiff's cavity outlined in Paragraphs 98 through 100 of the Amended Complaint. (D.I. 17 at 15-16.) Medical staff apparently determined Plaintiff's cavity was a non-emergent medical need while Defendant had suspended non-emergent medical treatment due to the COVID-19 pandemic. (D.I. 17 at 15-16; D.I. 18-1 at 31.) Other courts have found no plausible inference of deliberate indifference from similar pandemic-related delays and suspensions. *See, e.g., Jones v. Sorbu*, No. CV 20-5270-KSM, 2021 WL 365853, at *6 (E.D. Pa. Feb. 3, 2021); *Keating v. Meade*, No. 1:20CV550 (LO/TCB), 2021 WL 120944, at *5 (E.D. Va. Jan. 12, 2021); *Perez v. Chester CI*, No. 20-CV-4562, 2020 WL 7384888, at *6 (E.D. Pa. Dec. 16, 2020). Likewise, this Court finds no plausible inference of deliberate indifference from Defendant's pandemic-related suspension of non-emergent medical treatment. *See id.* Accordingly, dismissal of this claim against Defendant is appropriate.

Turning next to Paragraph 101 of the Amended Complaint, the Court finds the claim therein deficiently pled. A civil rights complaint must state the conduct,

8

time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). Plaintiff's claim against Defendant regarding delayed medical attention for allergy and pain related to a preexisting condition lacks essential information regarding conduct and timing (and possibly place and persons) that are needed to assess the matter. To the extent that Plaintiff intends to fault Defendant in Paragraph 101 for the same pandemic-related suspension of non-emergent medical treatment discussed above, dismissal is appropriate on the same basis.

Deliberate indifference cannot be plausibly inferred from Defendant's pandemic-related suspension of non-emergent medical treatment, and the Court cannot find constitutionally deficient care by Defendant absent such. Plaintiff has named no other defendants in connection with the claims outlined in Paragraphs 98 through 101 or corresponding Counts 65 and 66. Based on the foregoing, the Court shall dismiss Plaintiff's claims against Defendant and deny Plaintiff's request for entry of default judgment against Defendant as moot.

Plaintiff will be given one opportunity to file a second addendum to the Amended Complaint remedying the deficiencies discussed above. If Plaintiff chooses to file a second addendum, he may not add any new claims. He may only

9

amend the allegations in Paragraphs 98 through 101 and corresponding Counts 65 and 66 to remedy the above-discussed deficiencies.

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss, D.I. 29, and deny Plaintiff's request for default judgment against Defendant, D.I. 33, as moot. Plaintiff will be given leave to file a second addendum to the Amended Complaint.

An appropriate order will be entered.